UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISMAEL LOPEZ,<br><br>　　　　　Defendant. | No. 2:10-cv-00055-KJM-4<br><br>ORDER |

    On August 19, 2019, defendant Ismael Lopez, a prisoner proceeding pro se, moved for a non-binding "recommendation from this Court to the Warden [] at [Federal Correctional Institution, Beaumont Low] to allow [Lopez] to serve the last twelve months, of a 144 months sentence, in a Residential Release Center, in Oakland, California." Mot., ECF No. 220, at 1. On August 29, 2019, the court denied Lopez's request without prejudice, but afforded him an opportunity to supplement the factual record. ECF No. 221. On September 30, 2019, defendant provided additional documentation in support of his request. Suppl., ECF No. 222. For the reasons below, the court finds Lopez has not provided sufficient justification for early release.

I.  LEGAL STANDARD

    Pursuant to 18 U.S.C. § 3621, "[t]he Bureau of Prisons [BOP] shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). In making that determination, the BOP considers several factors, including any recommendation by the sentencing court. 18 U.S.C.

§ 3621(b)(4); *see also United States v. Shields*, No. 12-CR-00410-BLF-1, 2018 WL 2728905, at *2 (N.D. Cal. June 7, 2018). District courts have "the authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time." *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011); *see also United States v. Costa*, No. 1:11-CR-0026-LJO-SAB, 2018 WL 1418352, at *1 (E.D. Cal. Mar. 22, 2018) (finding sentencing courts have discretion to make recommendation regarding inmate's placement post-sentencing, but such recommendation not binding on BOP.).

II. DISCUSSION

As the court noted in its previous order on this motion, ECF No. 222, in cases where courts have issued such recommendations, defendants showed how early release would benefit themselves or society. *See United States v. Hoffman*, No. 2:15-CR-00234-JAM-1, 2018 WL 6634378, at *1 (E.D. Cal. Dec. 19, 2018) (in addition to listing BOP courses he took defendant also argued residential re-entry center will "reduce the potential for recidivism by providing community-based rehabilitation and reintegration, including the family support he needs to avoid relapse into drug addiction."); *United States v. Collins*, No. 2:15-CR-00176-7-TLN, 2018 WL 1157508, at *1 (E.D. Cal. Mar. 5, 2018) (defendant argued early release would allow her to return to work to support her family and have more contact with her children without posing any risk to public in light of her rehabilitation); *United States v. Bhamani*, No. 2:10-CR-00327-TLN, 2017 WL 2992455, at *2 (E.D. Cal. July 14, 2017) (noting "[d]efendant has provided significant information about his activities since sentencing and the extent of his efforts and progress toward rehabilitation while in prison" and granting motion). For example, in *Costa*, the defendant provided the court with evidence showing "substantial efforts to educate and better himself during his period of incarceration and . . . [showing] no discipline on record within the past six months," as well as proof that he had paid nearly all his restitution. *Costa*, 2018 WL 1418352, at *1.

Here, Lopez has not made a case for why he should be granted early release nor provided the court with sufficient information concerning his period of incarceration to justify the recommendation he seeks. He states only, "[d]uring the months that the movant has been prison

[sic], he has taken advantage of all the available educational and vocational courses that the BOP has offered in the institution where movant has been at." Mot. at 5.  In response to the court's order for more information, defendant provides a copy of his Individualized Reentry Plan – Program Review, indicating, *inter alia*, which education courses he has completed, his discipline history for the last six months, and his restitution payment plan.  *See* Suppl.  Nonetheless, he does not provide any explanation as to why this information justifies early release.  *Id.*

III.  CONCLUSION

On the present record, the court declines to recommend that defendant should be granted early release.  Defendant's motion is DENIED, but once again without prejudice.  Within 30 days, defendant may supplement his request a final time with further explanation as to why he should be granted early release.

IT IS SO ORDERED.

DATED:  November 19, 2019.

_____
UNITED STATES DISTRICT JUDGE